Harmon R. Kathan and Others, Freeholders and Taxpayers of the Village of Corinth, Saratoga County, N. Y., Respondents, *v.* Maurice T. Jones, Individually, and as President, and Others, as Trustees of the Incorporated Village of Corinth, Saratoga County, N. Y., Appellants.

Third Department, May 24, 1922.

**Villages — action to restrain holding special election — village has no power to issue bonds or certificates of indebtedness to pay special policemen — election to pass on that proposition restrained.**

The holding of a special village election of the village of Corinth, which was organized under the Village Law, at which was to be submitted the proposition of issuing bonds or certificates of indebtedness by said village to pay certain special policemen will be restrained in a suit by taxpayers, on the ground that the village has no power under section 128 or any other section of the Village Law to borrow money upon its credit for the purpose specified.

Appeal by the defendants, Maurice T. Jones and others, from an order of the Supreme Court, dated the 13th day of September, 1921, made at the St. Lawrence Special Term and entered in the office of the clerk of the county of Saratoga, restraining the defendants from issuing any bonds or certificates of indebtedness or in any wise pledging the credit of the village of Corinth, N. Y., for the purpose of employing special policemen.

*Wyllys A. Dunham* [*James A. Leary* and *Walter A. Fullerton* of counsel], for the appellants.

*Carlin & Gillett* [*Ransom H. Gillett* and *Samuel H. King* of counsel], for the respondents.

Per Curiam:

The defendants are the officers and trustees of the village of Corinth. They issued a call for a special election in and for the village, at which was to be submitted the proposition authorizing the issuing of bonds or certificates of indebtedness by said village in the amount of $20,000 to pay certain special policemen. The village is a municipal corporation organized under the General Village Law. It has the power to borrow money upon its credit for those purposes, and those purposes only which are authorized by the Legislature. (Const. N. Y. art. 12, § 1; Id. art. 8, § 10.) The purposes for which the village may borrow money are named in section 128 of the Village Law (as amd. by Laws of 1911, chap. 738, and Laws of 1917, chap, 27), and the purpose for which the bonds or certificates of indebtedness were sought to be authorized at the municipal election in the village of Corinth is not among

them.   In no section of the statute is the village authorized to borrow money for the purpose of paying special policemen or to reimburse other village funds which have heretofore been transferred for the payment for services of special policemen.   It was suggested on the argument that the election should be permitted and that the issuing of the bonds could thereafter be restrained. The court cannot lend its aid and approval to the performance of an act, the purpose and result of which would be illegal, and should not permit a vain and futile act or give its apparent approval to an illegal end.   The court cannot disregard the requirements of the statute and the limitations imposed by the Constitution and the laws upon the borrowing or the expenditure of public funds.

Many other reasons were urged why this order should be affirmed, but since their determination would not affect the result it is unnecessary to pass upon them.   The order should, therefore, be affirmed, with costs.

Order unanimously affirmed, with ten dollars costs and disbursements.